**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

| | |
|---|---|
| ROYAL CARIBBEAN CRUISES LTD., a foreign corporation, doing business as ROYAL CARIBBEAN INTERNATIONAL, <br><br> Plaintiff, <br> v. <br><br> CAPITAL JAZZ INC., a foreign corporation, <br><br> Defendant. | Case No.: <br><br> Jury Trial Demand |

## COMPLAINT

Plaintiff Royal Caribbean Cruises Ltd., doing business as Royal Caribbean International ("Royal Caribbean International" or "Plaintiff") sues Defendant Capital Jazz Inc. ("Capital Jazz" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. Working alongside federal, state, and local public health agencies, as well as port authorities, Royal Caribbean International was one of the first cruise lines to resume passenger operations from a United States port in June of 2021.

2. As part of Royal Caribbean International's fleet startup, on August 15, 2021 the M/V *Independence of the Seas* resumed passenger operations.

3. The M/V *Independence of the Seas* now sets sail from Port Canaveral, Florida, and was scheduled to set sail on January 14, 2022 for an 8-night jazz-themed chartered voyage called "SuperCruise XIV."

4. Defendant Capital Jazz is a company that specializes in organizing music-themed cruise ship charters and chartered the M/V *Independence of the Seas* from Royal Caribbean

International to conduct the SuperCruise XIV.

5. Royal Caribbean International and Capital Jazz arranged for the SuperCruise XIV to be a "full ship charter." That is, Capital Jazz agreed to purchase from Royal Caribbean International all of the available passenger staterooms on the M/V *Independence of the Seas* in order to make private use of the entire vessel, the vessel's crew, and onboard amenities on a custom itinerary, for the duration of the cruise.

6. The original charter agreement for SuperCruise XIV was entered into between Capital Jazz and Royal Caribbean International in 2019. As part of the charter agreement, Capital Jazz agreed, among other things, to pay a charter fee to Royal Caribbean International and to pay Royal Caribbean International a minimum guaranteed onboard revenue ("OBR") amount.

7. The parties initially intended SuperCruise XIV to take place on January 2021, but due to the suspension of passenger cruise operations in United States waters pursuant to the United States Centers for Disease Control and Prevention's ("CDC") "No Sail Order", the parties mutually agreed to amend the charter agreement and postpone the voyage until January 2022.

8. The CDC's "No Sail Order" in effect at the time of the parties' initial amendment to the charter agreement suspended cruise ship passenger operations – preventing cruise lines from embarking passengers in United States ports and operating in United States waters.

9. In amending the charter agreement, the parties agreed that Royal Caribbean International would be allowed to reduce the number of guest staterooms available to Capital Jazz to conduct SuperCruise XIV. Among other things, this amendment allowed Royal Caribbean International to follow applicable CDC guidelines and recommendations regarding the availability of isolation and quarantine staterooms onboard vessels operating in United States waters.

10. On December 30, 2021, the CDC issued a Level 4 COVID-19 Travel Health Notice (the "Travel Health Notice") pertaining to cruise ship travel.[1]

11. The Travel Health Notice increased the warning level for cruise ship travel based on COVID-19 but, importantly, the Travel Health Notice had no effect on Royal Caribbean International's continued operation of the M/V *Independence of the Seas*.

12. The CDC's Travel Health Notice also did not prevent Royal Caribbean International from operating the SuperCruise XIV charter in accordance with the parties' agreement, as modified, nor did it provide a ground for cancellation.

13. Yet, on January 7, 2022, mere days before the chartered sailing, Capital Jazz unilaterally cancelled the SuperCruise XIV charter based solely on the Travel Health Notice.

14. As a result of Capital Jazz's unilateral, last-minute cancellation, Royal Caribbean International has suffered substantial damages. Indeed, Royal Caribbean International prepared for, staffed, provisioned, and made logistics preparations for a multi-night itinerary on the M/V *Independence of the Seas* that will no longer take place. Instead, the M/V *Independence of the Seas* will sit idle – fully crewed and provisioned.

15. Capital Jazz's distinct, unequivocal, and absolute refusal to perform its obligations under the parties' agreement gives rise to this lawsuit.

---

[1] On January 12, 2022, the CDC announced that the Conditional Sailing Order ("CSO") currently in effect would be allowed to expire on January 15, 2022. Following the CSO expiration, CDC intends to transition to a voluntary COVID-19 risk mitigation program, consisting of a set of best practices, guidelines, and recommendations. At all relevant times since its resumption of cruise operations, neither Royal Caribbean International nor the M/V *Independence of the Seas* have been prevented by the CDC from operating in, calling on, or departing from Florida ports.

## JURISDICTION, VENUE, AND PARTIES

16. Royal Caribbean International is a corporation organized and existing under the laws of Liberia with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132.

17. Capital Jazz is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 5907 Clifton Oaks Dr., Clarksville, Maryland 21029.

18. This Court has subject matter jurisdiction over the claims for relief in this complaint pursuant to 28 U.S.C. § 1332(a)(1) because it is an action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

19. This Court has personal jurisdiction over Capital Jazz pursuant to section 48.193(1)(a), Florida Statutes, because Capital Jazz, among other things:

   a. Breached a contract in this state by failing to perform acts required by the contract to be performed in this state;

   b. Entered into a contract by which Capital Jazz consented to jurisdiction in this state and in this District; and

   c. Operated, conducted, engaged in, or carried on a business or business venture in Florida.

20. This Court also has personal jurisdiction over Capital Jazz pursuant to section 48.193(2), Florida Statutes, because, among other things, Capital Jazz engaged in substantial and not isolated activity in Florida.

21. Based on the foregoing conduct, the exercise of personal jurisdiction over Capital Jazz satisfies traditional notions of fair play and substantial justice under the Fourteenth Amendment of the United States Constitution.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District. Moreover, Capital Jazz consented to venue in this District for any proceeding seeking to enforce a provision of the contract between Royal Caribbean International and Capital Jazz, as well as any proceeding based on any right arising out of said contract.

## GENERAL ALLEGATIONS

23. Royal Caribbean International is a global cruise company.

24. Capital Jazz is in the business of chartering cruise ships for the purpose of arranging, offering for sale, and conducting a jazz music "festival at sea" voyage.

### The Parties Enter Into the SuperCruise Charter Agreement

25. On or about June 1, 2019, Royal Caribbean International and Capital Jazz executed a Guest Accommodations Purchase and Resale Agreement, effective as of May 30, 2019 (the "SuperCruise Charter Agreement") for an eight-night voyage on the M/V *Independence of the Seas* vessel starting on January 16, 2021 (the "SuperCruise Charter"). A true and correct copy of the SuperCruise Charter Agreement is attached hereto as **Exhibit A**.

26. Pursuant to the SuperCruise Charter Agreement, Capital Jazz reserved every one of the guest staterooms available on the M/V *Independence of the Seas* for the SuperCruise Charter, with the exception of ▮ double occupancy guest staterooms for Royal Caribbean International staff's use. *See* **Exhibit A,** at §§ 1.1, 1.2.

27. To charter the M/V *Independence of the Seas*, Capital Jazz agreed to pay Royal Caribbean International a charter fee of ▮▮▮▮▮▮▮▮▮▮. *See id.,* at § 3.1.1.

28. In addition to the charter fee, Capital Jazz contractually guaranteed at least ▮▮▮▮▮▮▮▮▮▮ of OBR to Royal Caribbean International during the SuperCruise Charter. *See id.,*

at § 3.2.1.

29. In 2020, in the context of an extended pause in cruise passenger operations, Capital Jazz and Royal Caribbean International worked together to amend the SuperCruise Charter Agreement, rescheduling the SuperCruise Charter to a later date when cruise operations were expected to resume.

30. Specifically, on or about August 11, 2020, Capital Jazz and Royal Caribbean International executed an amendment to the SuperCruise Charter Agreement (the "First SuperCruise Amendment"), a true and correct copy of which is attached hereto as **Exhibit B**.

31. The First SuperCruise Amendment made several material changes to the SuperCruise Charter Agreement, including moving the SuperCruise Charter's sail date to January 14, 2022 and changing the vessel's itinerary. *See id.* at ¶¶ 1, 4.

32. The following language was also added to Section 1.2 of the SuperCruise Charter Agreement:



*Id.* at ¶ 3 (revising original § 1.2).

33. On or about December 24, 2021, the parties executed a second amendment to the

6

SuperCruise Charter Agreement (the "Second SuperCruise Amendment"), a true and correct copy of this second amendment is attached hereto as **Exhibit C**. Among other things, the Second SuperCruise Amendment updated the vessel's itinerary, and also amended section 14.3 of the SuperCruise Charter Agreement to the following:



*Id.* at ¶ 3 (revising original § 14.3).

34. Pursuant to the Second SuperCruise Amendment, Capital Jazz also agreed to comply "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." *Id.* at ¶ 5(a) (adding an Art. 28 to the SuperCruise Charter Agreement).

35. The First SuperCruise Amendment and the Second SuperCruise Amendment shall collectively be referred to as the "SuperCruise Amendments."

### Capital Jazz Unilaterally Cancels the SuperCruise Charter

36. On January 7, 2022, Capital Jazz unilaterally cancelled the SuperCruise Charter when it emailed its guests and publicly communicated to the general public and Royal Caribbean International on its website that it had cancelled the SuperCruise Charter. *See Update*, THE

SUPERCRUISE XIV OFFICIAL WEBSITE, https://www.capitaljazz.com/supercruise/2022/ (last accessed Jan. 13, 2022).

37. Capital Jazz's sole basis for its unilateral cancellation was the Travel Health Notice pertaining to cruise ship travel. *See id*.

38. Specifically, on its cancellation notice, Capital Jazz advised its guests:



*Id.*

39. CDC's Travel Health Notice is not a legal basis upon which Capital Jazz is entitled to unilaterally cancel the SuperCruise Charter.

40. CDC's Travel Health Notice does not prohibit persons from embarking or disembarking a cruise vessel or otherwise engaging in cruise ship travel.

41. CDC's Travel Health Notice does not operate to require Royal Caribbean International to make any modifications to the terms of the SuperCruise Charter Agreement, as amended.

8

42. CDC's Travel Health Notice does not prohibit the M/V *Independence of the Seas* from operating the SuperCruise Charter.

43. As such, the SuperCruise Charter could have occurred as scheduled and the purpose of the SuperCruise Charter Agreement, as amended, could have been entirely fulfilled.

44. Despite knowing that the SuperCruise Charter could have operated as scheduled, Capital Jazz unilaterally cancelled the SuperCruise Charter.

### At all Material Times Royal Caribbean International Stood Ready to Perform Its Obligations Under the Parties' Agreement

45. Royal Caribbean International did not cancel the SuperCruise Charter.

46. At all material times, Royal Caribbean International communicated to Capital Jazz that it stood ready to perform its obligations under the SuperCruise Charter Agreement, as amended, and stood ready to set sail on the specified contracted date.

47. As a result of Capital Jazz's unilateral repudiation and anticipatory breach of the SuperCruise Charter Agreement, as amended, Royal Caribbean International has suffered monetary damages, including but not limited to, the lost OBR.

48. Royal Caribbean International has satisfied all the applicable terms, conditions, and other requirements of the SuperCruise Charter Agreement, as amended. Alternatively, compliance with the applicable terms, conditions, and other requirements in whole or in part has been waived, excused, or is unnecessary for other reasons.

49. Royal Caribbean International has retained the law firm of Sanchez Fischer Levine, LLP to represent Royal Caribbean International in this action and has agreed to pay reasonable attorney's fees, plus all expenses incurred, for its services.

## CLAIM FOR RELIEF

## COUNT I – ANTICIPATORY BREACH OF CONTRACT

50. Royal Caribbean International re-alleges and incorporates paragraphs 1-49 as if fully set forth herein, and further alleges:

51. Royal Caribbean International and Capital Jazz entered into a contractual relationship when they executed the SuperCruise Charter Agreement and the SuperCruise Amendments.

52. Royal Caribbean International has, to date, performed all of its obligations under the SuperCruise Charter Agreement, as amended by the SuperCruise Amendments.

53. At all relevant times Royal Caribbean International was prepared to operate the chartered vessel for the SuperCruise Charter.

54. Upon information and belief, on or about January 7, 2022, Capital Jazz announced via email to guests booked on the SuperCruise Charter its unilateral decision to cancel the SuperCruise Charter, thereby repudiating and anticipatorily breaching the SuperCruise Charter Agreement, as amended by the SuperCruise Amendments.

55. Likewise, on January 7, 2022, Capital Jazz posted on its webpage a notice advising all of its guests, Royal Caribbean International, and the general public that the SuperCruise Charter was cancelled. This unilateral cancellation of the SuperCruise Charter resulted in Capital Jazz repudiating and/or anticipatorily breaching the SuperCruise Charter Agreement, as amended by the SuperCruise Amendments.

56. As a result of Capital Jazz's distinct, unequivocal, and absolute repudiation of the SuperCruise Charter Agreement, as amended by the SuperCruise Amendments, Royal Caribbean International has suffered monetary damages in the form of, among other things, the lost OBR

owed under the SuperCruise Charter Agreement, as amended by the SuperCruise Amendments.

57. Pursuant to Section 25.2 of the SuperCruise Charter Agreement, Royal Caribbean International is entitled to its prevailing party attorney's fees and costs incurred in this litigation.

**WHEREFORE**, Royal Caribbean International demands judgment against Capital Jazz, monetary damages, interest as allowed by law, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Royal Caribbean International hereby demands a trial by jury on all issues and claims so triable.

Dated: January 13, 2022

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Telephone: (305) 925-9947

By: */s/ David M. Levine*
David M. Levine, Esq.
Florida Bar No.: 84431
Email: dlevine@sfl-law.com
Secondary: eservice@sfl-law.com
Fausto Sanchez, Esq.
Florida Bar No.: 86229
Email: fsanchez@sfl-law.com
*Counsel for Royal Caribbean Cruises Ltd.*